2006 UT 10

**In re Inquiry of a Judge, The Honorable Walter K. STEED.**

**No. 20050127.**

Supreme Court of Utah.

Feb. 24, 2006.

Colin R. Winchester, Ruth Lybbert, Salt Lake City, for the Commission.

Rodney R. Parker, Salt Lake City, for Judge Steed.

WILKINS, Associate Chief Justice:

¶ 1 Judge Walter K. Steed has served as a justice court judge in the predominately polygamous community of Hildale, Utah, since his appointment by the town council in 1980. At the time of his appointment, Judge Steed had one wife to whom he was legally married, and one to whom he believed himself to be married according to the traditions of their mutual religious faith. In 1985, a third wife was added to this "plural marriage" relationship by the same religious ceremony. Judge Steed and his wives were all adults at the time their marriage relationships began. They have lived together as a family, and thirty-two children have been born as a result of the three wives' unions with Judge Steed.

¶ 2 At the time of his original appointment to the bench, and at each subsequent time of reappointment by the Hildale town council, Judge Steed took the legally prescribed oath of office as a judge, by which he pledged himself to obey and defend the Utah constitution.

¶ 3 The constitution of Utah grants to the Legislature the authority to enact criminal laws by which all citizens are bound. Pursuant to that authority, it has enacted Utah Code section 76–7–101, which provides in relevant part:

(1) A person is guilty of bigamy when, knowing he has a husband [sic] or wife or knowing the other person has a husband or wife [sic], the person purports to marry another person or cohabits with another person.

(2) Bigamy is a felony of the third degree.

¶ 4 Judge Steed's relationship with his three plural wives for more than twenty years clearly runs afoul of the prohibition of section 76–7–101. In the case of a sitting judge, it is of little or no consequence that the judge may believe a criminal statute is constitutionally defective. A judge ignores the clearly stated criminal prohibitions of the law at his or her peril.

¶ 5 Pursuant to a complaint filed with and investigated by the Judicial Conduct Commission, we have received the Commission's recommendation that Judge Steed be removed from office. The removal recommendation is founded upon the Commission's conclusion that Judge Steed's behavior violates canon 2A of the Code of Judicial Conduct, which requires a judge to respect and comply with the law, something the Commission concludes is belied by Judge Steed's flaunting of the prohibitions of the bigamy statute for more than twenty-five years. This behavior, the facts of which Judge Steed admits, is seen by the Commission as conduct prejudicial to the administration of justice which brings the judicial office into disrepute. Moreover, Judge Steed has given every indication that he intends to continue his "plural marriage" arrangement.

¶ 6 Judges in this state are expected to abide by all of the laws applicable to them. Civil disobedience carries consequences for a judge that may not be applicable to other citizens. The dignity and respect accorded the judiciary is a necessary element of the rule of law. When the law is violated or ignored by those charged by society with the fair and impartial enforcement of the law, the stability of our society is placed at undue risk.[1]

¶ 7 We agree with the Commission's recommendation. Having reviewed the matter as to both the facts and the law, and after reviewing the submissions by the parties and hearing oral arguments, the order of removal proposed by the Judicial Conduct Commission is adopted.

¶ 8 Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.

¶ 9 Chief Justice DURHAM concurs in the result.

---

1. We note that Utah Code section 78–8–107(8)(c) contains a provision requiring this court to act on judicial discipline matters within 90 days. Such a statutory regulation of this court's internal process is beyond the constitutional authority given to the Legislature to regulate the composition and procedures of the Judicial Conduct Commission. Thus, while we share the Legislature's apparent view that these matters require our prompt attention, we view the statutory limit as being without effect.